Chief Justice Bibb
delivered the Opinion of the Court.
Legrand sued from the Fayette circuit court a writ of capias, of covenant against Bedinger, with an indorsement that no bail was required. This being returned by the sheriff executed, the defendant pleaded in abatement, that he was, at the time of the issuing and service, of said capias, privileged from arrest, because he was then attending the said court whence the writ issued, as a witness, in the suit of Legrand vs Baker, &c. depending in said court; that he was a resident of Nicholas county, and attending the court of Fayette as a witness in the said suit, in obedience to a subpoena. The plaintiff demurred; the court gave judgment on the demurrer for the defendant, and dismissed the suit.
By the statute of Kentucky, 2 Dig. 1252, witnesses are privileged from arrest in all cases except treason, felony, and breach of the peace, during their attendance at any court or other place, in obedience to a subpœna duly executed, and in coming to, and returning from, the place, &c.
By the statute of 1800, 1 Dig. 255, it is declared, that “where a capias requires no bail, actual arrest of the defendant, shall be unnecessary;” but reading the writ or giving a copy, shall be good service. So that the question arises, whether the service of the process requiring no bail, and to be served by *540 notice or copy of the process, was a breach of the privilege of a witness.
Arrest defined.
Service of a capias not requiring bail, is no breach of the privilege of a witness attending court.
Haggin for plaintiff; Wickliffe for defendant.
The privilege is from arrest. Hence it is necessary to enquire what is an arrest in law. It is derived from the French, arrester, to stop or stay, and signifies a restraint of a man’s person; depriving him of his own will and liberty, and binding him to become obedient, to the will of the law. It is called the beginning of imprisonment.
In Wood’s institute, 575, an arrest in a civil case, is defined to be the apprehending or restraining one’s person, by process, in execution of the command of some court or officer of justice. The form of the writ in this case, was to take the defendant; but in substance, it was a summons or notice to appear. What is meant by a taking may be understood from the expositions of magna charla, in England. The privileges secured by the twenty-ninth chapter of magna charta, begin thus—“Nullus liber homo capiatur, vel imprisonetur,” &c. “No freeman shall be taken or imprisoned,” &c. In the commentary upon this chapter, second institute, 46, Lord Coke says, “attached and arrested, are comprehended herein.” No man shall be taken, that is restrained of liberty.
These definitions and commentaries upon the words “taken,” “capiatur,” (or capias) and “arrest,” explain their legal signification. They do not comprehend the service of a process, by which no imprisonment, no restraint of liberty, no bail is required, but only a notice, or copy of the process.
The plea of privilege was insufficient, and should have been disallowed.
Judgment reversed with costs, and cause remanded, for further proceedings,